# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31234
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2014

Lyle W. Cayce
Clerk

MARCUS WILLIAMS,

　　　　　　　　　　　　　　Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

　　　　　　　　　　　　　　Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1162

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Petitioner-Appellant Marcus Williams, Louisiana prisoner # 477846, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his convictions for armed robbery and aggravated kidnapping. In reviewing the denial of § 2254 relief, we address issues of law de novo and findings of fact for clear error, applying the same deference to the state court's decision as the district court under the Antiterrorism and Effective Death

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31234

Penalty Act. *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007). Habeas relief may not be granted on a claim that was adjudicated on the merits in state court, unless the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the United States Supreme Court," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented," § 2254(d)(2). *See Harrington v. Richter,* 131 S. Ct. 770, 787 (2011).

Williams argues that the state court erred in determining that the evidence was sufficient to support his convictions because the State failed to negate the reasonable probability that the victim misidentified him as a perpetrator. Employing the standard announced in *Jackson v. Virginia*, 443 U.S. 307 (1979), the state appellate court determined that the evidence was sufficient for a rational trier of fact to conclude that Williams was one of the men guilty of the armed robbery and aggravated kidnapping of Owen Santiago. In making this determination, the state court considered the evidence that Santiago already knew Williams, had an ample opportunity to view him during the abduction, and made positive and consistent identifications of Williams as a perpetrator. This was bolstered by the testimony of Officer Glapion that, at around 1:00 a.m. on the night of Santiago's abduction, Glapion observed Williams and three other men walking away from the vicinity where Santiago's burning vehicle was discovered. This testimony also contradicted Williams's alibi evidence that he was at a club until 3:00 a.m. on the night of the incident. Viewing this evidence in the light most favorable to the verdict, and giving the jury's credibility findings the deference they are due, the state court could find that the evidence was sufficient to support Williams's convictions. *See Jackson*, 443 U.S. at 319.

No. 13-31234

Citing to Louisiana law, Williams asserts that, in addition to the *Jackson v. Virginia* standard, the State was required to negate any reasonable probability of misidentification.    Although Louisiana law has such a requirement when an offender's identity is at issue, *see State v. Barthelemy*, 32 So. 3d 999, 1015 (La. Ct. App., 2010),  "in challenges to state convictions under [§ 2254], only *Jackson . . .* need be satisfied, even if state law would impose a more demanding standard of proof." *West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996) (internal quotation marks and citation omitted).

The second claim presented by Williams is that the state court erred in finding that the photographic lineup shown to Santiago was not unduly suggestive and did not prejudice his defense.  After reviewing the hearing on the motion to suppress the identification and the actual photographic lineup, the state court considered the relevant factors and determined that there was no substantial likelihood of misidentification.  *See Manson v. Brathwaite*, 432 U.S. 98, 114 (1977).  Our review of the record, including the photographic lineup, supports this determination.  *See Richter,* 131 S. Ct. at 786-87.

Finally, Williams claims that his trial counsel was ineffective in failing to impeach the testimony of Santiago and Officer Glapion based on alleged inconsistencies in their statements and their testimony.  The state court properly applied the analysis announced in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), in determining that Williams had not shown deficient performance or prejudice.  A state court's ruling on a claim of ineffective assistance of counsel is entitled to high deference.  *Richter*, 131 S. Ct. at 788. The record supports the state court's determination that Williams's trial counsel was not ineffective in his cross-examination of Santiago and Glapion and that his representation did not prejudice Williams.  Rather, the record

supports the state court's determination that he was convicted in light of the victim's compelling positive identification testimony.

Williams has failed to show that the state court's denial of his claims involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial. *See Richter,* 131 S. Ct. at 786-87. The denial of his habeas corpus petition is AFFIRMED.